UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ETHEL M. SMITH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PACESETTER TEMPORARY SERVICE, )<br>    Defendant. ) | CAUSE NO.: 2:13-CV-342-TLS-JEM |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiff Ethel M. Smith to appear at the Show Cause Hearing of April 17, 2014, at 10:30 a.m., the Show Cause Hearing of April 3, 2014, at 10:30 a.m., and the Rule 16 Pretrial Conference of February 20, 2014, at 11:00 a.m.

On January 16, 2014, by written Order, the Court set this matter for a Pretrial Conference on February 20, 2014, at 11:00 a.m. Plaintiff Smith failed to appear without explanation, so the Court set the matter for a hearing to inquire into Plaintiff Smith's failure to appear, to be held on April 3, 2014. The docket reflects on March 20, 2014, Plaintiff Smith filed a motion requesting leave to appear telephonically at the April 3, 2014, hearing, an action that indicated she was aware of the scheduled hearing. On March 28, 2014, the Court denied that request and reaffirmed the April 3, 2014, setting for the show cause hearing. Plaintiff Smith failed to appear on April 3, 2014, without explanation and the Court set the matter for a second show cause hearing for April 17, 2014, warning Plaintiff Smith that her failure to appear could result in sanctions, including dismissal of her case. Plaintiff Smith failed to appear at the show cause hearing set for April 17, 2014, without explanation. The Court issued a final Show Cause Order, warning Plaintiff Smith that a failure to show cause, in writing on or before May 5, 2014, why she failed to appear to numerous hearings would result in the undersigned judge recommending that her case be dismissed. The docket reflects that a copy of the Order was mailed to Plaintiff Smith and that Smith received the Order on April

25, 2014 [DE 25]. Plaintiff Smith has not responded to the Show Cause Order.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff Smith, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff failed to appear at the preliminary pretrial conference and failed to appear at the two subsequent show cause hearings. The Court also finds that proper warning has been given to Plaintiff. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiff received "due warning" in multiple formal show cause orders, including the most recent Show Cause Order sent via certified mail, and the Court finds that dismissal is warranted by Plaintiff's failure to comply with the Show Cause Order of April 17, 2014.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy

of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 13th day of May, 2014.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     Judge Theresa L. Springmann
          All counsel of record
          Plaintiff Ethel M. Smith, *pro se*, by first class and certified mail
          1584 Garfield Street, Gary, Indiana 46404.